Opinion issued 









Opinion issued December
29, 2005




 

 

 

 

 













 

     

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00421-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROGERS THOMSON AND BILLIE J. COLLIE, INDEPENDENT
CO-EXECUTORS FOR THE ESTATE OF PATRICK EDWARD KINTZ, Appellants

 

V.

 

RHONDA RILEY, INDEPENDENT EXECUTRIX FOR THE ESTATE OF
AUGUSTINE SCOMA RILEY, Appellee

 

 



On Appeal from the 245th District Court








Harris County, Texas

Trial Court Cause No. 98-40300

 

 



MEMORANDUM OPINION

 

          This
appeal involves enforcement of a divorce decree and property settlement
agreement.  Appellants, Rogers Thomson
and Billie J. Collie, independent co-executors for the estate of Patrick Edward
Kintz, ask that we reverse and remand for a new trial because the court
reporter lost a portion of the record. 
We grant the motion, reverse the judgment, and remand for a new trial.

          The
trial in this case commenced on January 3, 2005.  As the trial court’s official court reporter,
Lisa Moody, was unable to attend court on that day, the trial court asked
Walter Johnson to act as deputy reporter during her absence.  Moody returned the following day to
transcribe the remainder of the trial.

After the Court Reporters
Certification Board notified us that Johnson’s certification had lapsed on
December 31, 2004, we ordered the parties to attempt to obtain an uncertified
copy of the reporter’s record.  Johnson subsequently
wrote to us that he is unable to produce a transcript, whether certified or
not, because his shorthand machine notes were destroyed during the move to his
current residence, and he did not use a tape-recorder backup.[1]  The missing transcript contains one full day
of testimony from the two-day trial.  On
appeal, we will be asked to evaluate the sufficiency of the evidence to support
the trial court’s judgment.

          Appellants
contend that because a complete reporter’s record is necessary to their appeal,
we should reverse and remand for a new trial under Texas Rule of Appellate
Procedure 34.6(f), which provides as follows:

Reporter’s Record Lost or Destroyed.  An appellant
is entitled to a new trial under the following circumstances:

 

(1) if the appellant has timely requested a reporter’s
record;

 

(2) if, without the appellant’s fault, . . . a
significant portion of the court reporter’s notes and records has been lost or
destroyed . . . ;

 

(3) if the lost [or] destroyed . . . portion of the
reporter’s record . . . is necessary to the appeal’s resolution; and

 

(4) if the lost [or] destroyed . . . portion of the
reporter’s record cannot be replaced by agreement of the parties . . . .

 

Tex. R. App. P. 34.6(f)(1)–(4).

 

          After
reviewing the record and considering appellee’s response, we determine that the
four prongs of Rule 34.6(f) are satisfied. 
Given the nature of the potential points of error on appeal, and the
complete absence of any record of the first full day of trial testimony, we
conclude that appellants have met their burden of showing that the lost portion
of the record is necessary to the appeal’s resolution and cannot be replaced by
agreement of the parties.  Accordingly,
we reverse the judgment and remand for a new trial.

 

                                                          Jane
Bland

                                                          Justice

 

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] Under Texas Rule of Appellate Procedure 35.3(b), it is
the responsibility of the court reporter—not the appellant—to file the
reporter’s record.